**2013 UT App 230**

THE UTAH COURT OF APPEALS

A&B MECHANICAL CONTRACTORS AND
WORKERS COMPENSATION FUND,
Petitioners,
*v.*
LABOR COMMISSION AND SCOTT DRISCOLL,
Respondents.

Memorandum Decision
No. 20110923-CA
Filed September 19, 2013

Original Proceeding in this Court

Hans M. Scheffler, Attorney for Petitioners
Gary E. Atkin and K. Dawn Atkin, Attorneys for
Respondent Scott Driscoll
Alan L. Hennebold, Attorney for Respondent
Labor Commission

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and
CAROLYN B. MCHUGH concurred.

CHRISTIANSEN, Judge:

¶1      Petitioners A&B Mechanical Contractors and Workers
Compensation Fund (collectively, A&B) seek review of the Utah
Labor Commission's (the Commission) decision affirming the
Administrative Law Judge's (the ALJ) order awarding permanent
total disability benefits to Scott Driscoll. We decline to disturb the
Commission's decision.

¶2      While working for A&B Mechanical Contractors in 2004,
Driscoll was lifting a 175-pound beam when he "felt a 'pop' and
immediate pain in his left shoulder and neck." Driscoll underwent

surgery on his left shoulder in June 2004. In September 2005, Driscoll filed an Application for Hearing with the Commission requesting permanent total disability benefits. In late 2005, A&B and Driscoll reached a settlement agreement whereby A&B would pay subsistence benefits to Driscoll until his return to work or further order of the ALJ. A&B also agreed to diligently pursue a vocational rehabilitation plan for Driscoll (the Return to Work Plan), and Driscoll agreed to fully cooperate with the Return to Work Plan. The ALJ approved the settlement by order entered March 21, 2006 (the 2006 Stipulated Order). The settlement agreement provided, "If rehabilitation is not possible, the administrative law judge shall order payment of permanent total disability benefits. If rehabilitation is successful, permanent partial disability benefits will resume for 12.23 weeks at the rate of $386.00 per week when [Driscoll] returns to work." The order provided that "the parties [would] notify the Court of the need for further action" if the Return to Work Plan was not successful.

¶3      Driscoll completed an electronics technician certification program as required by the Return to Work Plan, but he remained unable to find work. To improve Driscoll's employment prospects, the parties amended the Return to Work Plan to allow Driscoll to pursue and complete a two-year degree in information technology. During this time, Driscoll also diligently searched for jobs as required by the Return to Work Plan but received only one offer in four years—for a job which Driscoll determined he was unable to perform due to his medical restrictions.

¶4      In 2008 A&B and Driscoll entered into a second settlement, which the ALJ approved by order on August 25, 2008 (the 2008 Stipulated Order). The new settlement agreement expressly incorporated the 2006 Stipulated Order, and the ALJ ordered that the 2006 Stipulated Order remain in effect except as inconsistent with or modified by the 2008 Stipulated Order. The 2008 Stipulated Order provided for subsistence benefits to continue through September 15, 2008, after which permanent partial disability payments would be made for 12.23 weeks. A&B was also required

to provide Driscoll with ninety days of job placement assistance. The 2008 Stipulated Order further provided that if Driscoll was still unemployed after he had completed his schooling and after the permanent partial disability benefit payments had ceased, the parties could revisit Driscoll's claims for further benefits either in mediation or by Driscoll filing an Application for Hearing. The parties also agreed that by entering into the settlement, they were not giving up any of their rights, claims, or defenses.

¶5      On February 17, 2009, Driscoll filed a Motion for Final Determination of Permanent Total Disability arguing that his rehabilitation was not possible. *See* Utah Code Ann. § 34A-2-413(5)(f) (LexisNexis 2011)[1] ("If a preponderance of the evidence shows that successful rehabilitation is not possible, the administrative law judge shall order that the employee be paid weekly permanent total disability compensation benefits."). The ALJ held an evidentiary hearing on the motion on March 30, 2009. Before the parties gave opening statements, the ALJ heard A&B's procedural argument that the 2008 Stipulated Order and the governing statute required Driscoll to file an Application for Hearing to reestablish his entitlement to permanent total disability compensation, rather than a motion to establish only whether successful rehabilitation was possible. In light of A&B's procedural concerns, the ALJ offered to continue the hearing to allow the parties more time to prepare. However, A&B expressly denied that it would be prejudiced by moving forward with the hearing and agreed to have the matter heard that day.

¶6      In its Final Order of Permanent Total Disability, the ALJ concluded that A&B had conceded to an initial determination that

---

1. Although the ALJ and A&B cite the version of the statutes in effect at the time, we cite the current version of the Utah Code for the reader's convenience. The relevant subsections of Utah Code section 34A-2-413 have simply been renumbered, and none of the substantive amendments to the other sections are relevant to this appeal. *See* Utah Code Ann. § 34A-2-413 amend. notes (LexisNexis 2011).

Driscoll was permanently and totally disabled. The ALJ also found that, although A&B diligently pursued and Driscoll fully cooperated with the Return to Work Plan, Driscoll could not be successfully rehabilitated. Accordingly, the ALJ ordered A&B to pay Driscoll permanent total disability benefits of $492 per week until further order of the Commission. A&B thereafter sought review of the ALJ's decision with the Commission's appeals board. The Commission adopted the ALJ's findings of fact and affirmed the ALJ's decision. A&B petitioned this court for judicial review.

## I. Interpretation of the 2006 Stipulated Order and the 2008 Stipulated Order

¶7      A&B first argues that the Commission abused its discretion by disregarding the clear language of the 2008 Stipulated Order and awarding Driscoll permanent total disability benefits without requiring Driscoll to file an Application for Hearing and to present evidence demonstrating that he was entitled to such benefits. "Whether the commission correctly or incorrectly denied benefits is a traditional mixed question of law and fact." *Jex v. Labor Comm'n*, 2013 UT 40, ¶ 15 (citation and internal quotation marks omitted). However, because A&B's challenge is to the propriety of the ALJ's and the Commission's interpretation of the ALJ's own order, we review that interpretation for abuse of discretion. *Cf. Uintah Basin Med. Ctr. v. Hardy,* 2008 UT 15, ¶ 9, 179 P.3d 786 ("A court's interpretation of its own order is reviewed for clear abuse of discretion and we afford the district court great deference.").

¶8      A&B argues that, under the 2008 Stipulated Order, the ALJ should have required Driscoll to restart the two-step adjudicative process by filing an Application for Hearing and proving not only his inability to be rehabilitated but also his entitlement to permanent total disability benefits. *See* Utah Code Ann. § 34A-2-413(1)(b), (1)(c) (explaining that the employee has the burden to prove permanent total disability and entitlement to compensation); *id.* § 34A-2-801(1)(a) (Supp. 2013) (providing that an employee begins the process of contesting a workers' compensation action by filing an application for hearing); Utah Admin. Code R602-2-

1(A)(3) (describing the application for hearing form provided to initiate this process). The two-step adjudicative process for a permanent total disability claim requires the Commission to first determine that the claimant is permanently and totally disabled and then determine if the claimant can be reemployed or rehabilitated. Utah Admin. Code R612-200-7(C); *Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶¶ 11–12, 258 P.3d 640 (detailing the adjudicative process of obtaining permanent total disability compensation). A&B specifically points to the 2008 Stipulated Order's requirement that A&B pay subsistence benefits to Driscoll only through September 15, 2008, and permanent partial disability compensation for an additional 12.23 weeks, after which time Driscoll was to file an Application for Hearing to claim additional benefits. A&B argues that this language had the effect of terminating Driscoll's right to receive permanent total disability compensation and that to request additional benefits, Driscoll needed to start anew with an Application for Hearing.

¶9     The ALJ determined that the parties had agreed in 2006 and 2008 to Driscoll's entitlement to permanent total disability compensation pursuant to Utah Code section 34A-2-413(1). Thus, the parties had already litigated and stipulated to Driscoll's entitlement to permanent total disability benefits. The only thing remaining for the parties to address was whether Driscoll could be rehabilitated through the Return to Work Plan. Under the 2006 Stipulated Order, the parties were to notify the court that further action was warranted if the Return to Work Plan proved unsuccessful. Indeed, it appears that a dispute over the success of the initial Return to Work Plan led to the 2008 Stipulated Order, which explicitly incorporated the 2006 Stipulated Order and modified it to the extent there were inconsistencies. The 2008 Stipulated Order provided, "The parties agree after [Driscoll] completes his schooling . . . and payment of permanent partial compensation by [A&B], if [Driscoll] has been unable to secure employment, they will revisit, either by mediation or filing of Application for Hearing [Driscoll's] entitlement to additional indemnity benefits."

¶10    Although the 2008 Stipulated Order provided for an explicit termination date for the subsistence and disability benefits, it also provided a means for Driscoll to reinstate his claim for additional permanent total disability benefits by filing an Application for Hearing or requesting mediation. The ALJ determined that the purpose of this provision was to allow Driscoll to reinitiate proceedings at the second step to determine the success of the Return to Work Plan, not to relitigate his entire claim.

¶11    Utah's legislature and the Commission have devised a system for requesting a hearing at the later stage of the adjudicative process, which allows an employee or the employer to argue that the other party has not diligently pursued or fully cooperated with a reemployment plan. *See* Utah Code Ann. § 34A-2-413(5)(e)(iii) (LexisNexis 2011) (explaining that the employer or its insurance carrier must "diligently pursue" the reemployment plan); *id.* § 34A-2-413(8) (explaining that the employee must "fully cooperate[] with" the reemployment plan). The Commission provides a specific Application for Hearing form for the aggrieved party in either of these circumstances to request agency action regarding the reemployment plan. Utah Admin. Code R602-5-3(A)(1) ("'Application for Hearing' means the Application for Hearing for Final Determination of Permanent Total Disability form (Adjudication Form 502), all supporting documents, and proof of service which together constitute the request for agency action for final determination of permanent total disability based on an employer's failure to diligently pursue the reemployment plan pursuant to [Utah Code section 34A-2-413(5)(e)(iii)]."); *id.* R602-5-6(A)(1) ("'Application for Hearing' means the Application for Hearing for Termination or Reduction of Compensation form (Adjudication form 602), with all supporting documents and proof of service which together constitute the request for agency action regarding termination or reduction of benefits pursuant to [Utah Code section 34A-2-413(8)]."). But there is no specific Application for Hearing form for initiating a final determination for permanent benefits when rehabilitation is not possible under section 34A-2-413(5)(f), as there is for section 34A-2-413(5)(e)(iii) or section 34A-2-413(8). *See* Utah Code Ann. § 34A-2-413(5)(f). However, at this

stage, where the ALJ has already initially determined that the employee is entitled to permanent total disability benefits, a party should have the same means to request a hearing before the ALJ to make a final determination of permanent total disability benefits if that party believes that "successful rehabilitation is not possible." *See id.*

¶12   The ALJ interpreted the 2008 Stipulated Order as providing Driscoll with such a means to reinstate his claim for additional benefits, akin to the forms provided in the Utah Administrative Code for the other provisions of section 34A-2-413. We see no abuse of discretion in this interpretation by the ALJ of the 2008 Stipulated Order. *See Uintah Basin Med. Ctr. v. Hardy*, 2008 UT 15, ¶ 9, 179 P.3d 786. Indeed, our supreme court has held that "great liberality as to form and substance of an application for compensation is to be indulged." *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, ¶ 17, 993 P.2d 207 (plurality opinion) (citation and internal quotation marks omitted); *see also Reinsurance Fund v. Labor Comm'n*, 2012 UT 76, ¶ 12, 289 P.3d 576 (adopting the reasoning of the *Vigos* plurality opinion). Furthermore, as our supreme court has stated in a related context, "the statutory term 'application for hearing' does not create a formal requirement to file a specific document, but rather requires a filing sufficient to provide notice to all interested parties." *Reinsurance Fund*, 2012 UT 76, ¶ 12.

¶13   A&B maintains, however, that if the ALJ had required Driscoll to file an Application for Hearing as required by the 2008 Stipulated Order, Driscoll would have been required to reestablish his entitlement to benefits under Utah Code section 34A-2-413(1). However, in light of the statutory and regulatory scheme governing requests for determination of benefits after initiation of a reemployment plan, it simply does not make sense for the ALJ to have entered an order requiring Driscoll to relitigate his entitlement to permanent total disability benefits because the Return to Work Plan failed, when Driscoll would have had no such burden had either party failed to comply with the plan.

¶14    Moreover, it is unclear how an order compelling Driscoll to file an Application for Hearing to reinitiate the adjudicative process would have led to a different result in this case, other than occupying the resources of the parties and the Commission for longer than necessary. A&B concedes that Driscoll proved the elements of section 34A-2-413(1) via the parties' stipulation in 2006. Prior to opening statements at the evidentiary hearing, Driscoll stated that there was no new medical evidence requiring any new restrictions. A&B agreed that Driscoll's medical restrictions were unchanged, that it would not be prejudiced by going forward with the hearing, and that further time would not assist its case. Driscoll was in the same position with respect to his disability in 2009 as he was in 2006. Accordingly, we do not agree that Driscoll was required to reestablish his eligibility for permanent total disability, and we uphold the Commission's and the ALJ's interpretation of the 2008 Stipulated Order as allowing Driscoll to reinstate his claim for benefits.

## II. Interpretation and Application of Utah Code Section 34A-2-413

¶15    A&B next argues that the ALJ erred by failing to consider Utah Code section 34A-2-413(6)(a)(ii) and to reconcile it with section 34A-2-413(5)(f). *See* Utah Code Ann. § 34A-2-413(6)(a) ("The period of benefits commences on the date the employee acquired the permanent, total disability, as determined by a final order of the commission based on the facts and evidence, and ends . . . when the employee is capable of returning to regular, steady work."); *id.* § 34A-2-413(5)(f) ("If a preponderance of the evidence shows that successful rehabilitation is not possible, the administrative law judge shall order that the employee be paid weekly permanent total disability compensation benefits."). "The interpretation of a statute is a question of law, which we review for correctness." *Westgate Resorts, Ltd. v. Consumer Prot. Grp., LLC*, 2012 UT 56, ¶ 10, 289 P.3d 420. Whether the Commission applied the correct legal standard in making its determination is also a question of law, which we review for correctness. *In re Adoption of Baby B.*, 2012 UT 35, ¶¶ 46–47.

¶16    A&B argues that Driscoll was capable of returning to regular, steady work and that the ALJ erred in not determining that section 34A-2-413(6)(a)(ii) ended Driscoll's entitlement to benefits. However, the ALJ's determination that successful rehabilitation was not possible under the reemployment plan required consideration of whether other work was "reasonably available," which turns in part on whether that work was "'regular, steady, and readily available.'" *Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶¶ 12–13, 258 P.3d 640 (quoting Utah Admin. Code R612-1-10(D) (current version at Utah Admin. Code R612-200-7(D))); *see also* Utah Code Ann. § 34A-2-413(1)(c) (LexisNexis 2011) (providing that the employee's permanent total disability determination depends in part on whether "the employee cannot perform other work reasonably available, taking into consideration the employee's: (A) age; (B) education; (C) past work experience; (D) medical capacity; and (E) residual functional capacity"). Thus, in determining that Driscoll could not be successfully rehabilitated under the Return to Work Plan, the ALJ and the Commission necessarily considered that Driscoll was incapable of returning to regular, steady work given his physical limitations, education, and job skills. Accordingly, we do not agree that the Commission failed to consider Utah Code section 34A-2-413(6)(a)(ii) in concluding that Driscoll was entitled to benefits, nor do we agree that Driscoll's benefits are terminated by operation of section 34A-2-413(6)(a)(ii) absent a successful challenge to the Commission's finding that rehabilitation is not possible.

### III. The ALJ's Findings of Fact

¶17    A&B next argues that the ALJ erred by neglecting to consider the evidence that Driscoll is capable of returning to regular, steady work. In support of this argument, A&B presents its vocational expert's testimony that Driscoll had been successfully rehabilitated because he had been "'prepared to return to work'" through completing his schooling and because "Driscoll 'has an associate degree, he has virtually two years of experience for job qualifications purposes, and his skill set has been enhanced.'" A&B also maintains that the ALJ failed to acknowledge the "glowing"

letters from Driscoll's instructors concerning his employability and Driscoll's own acknowledgment of his newly acquired skills. Finally, A&B contends that the ALJ incorrectly relied on medical restrictions given four years earlier to conclude that the only job offered to Driscoll did not conform to those restrictions.

¶18     To the extent that A&B challenges the ALJ's factual findings as adopted by the Commission, we may grant relief only if the findings are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (LexisNexis 2011); *Murray v. Labor Comm'n*, 2013 UT 38, ¶¶ 19–20. To successfully challenge an agency's factual findings, "the party challenging the factual findings must marshal all of the evidence and demonstrate that, despite the facts supporting the decision, the findings are not supported by substantial evidence." *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 36, 164 P.3d 384 (citation and internal quotation marks omitted).

¶19     A&B has merely presented the evidence in favor of its position that Driscoll was able to return to regular, steady work. However, if an agency's findings of facts are supported by substantial evidence, we will not overturn those findings "even if another conclusion from the evidence is permissible." *Hurley v. Board of Review of the Indus. Comm'n*, 767 P.2d 524, 526–27 (Utah 1988). Substantial evidence in the record supports the Commission's and the ALJ's determination that Driscoll could not be successfully rehabilitated. *See* Utah Code Ann. § 34A-2-413(5)(f). Driscoll diligently sought employment over the course of four years and completed the schooling necessary for a certificate and a degree. Yet, "through no fault of either party," the Return to Work Plan did not succeed because Driscoll could not find work in his field that complied with his medical restrictions. Given that A&B has not demonstrated a "fatal flaw in the evidence" supporting the Commission's finding that Driscoll could not be successfully rehabilitated, *see Martinez*, 2007 UT 42, ¶ 17 (citation and internal quotation marks omitted), we decline to disturb the Commission's factual findings.

### IV. Due Process

¶20    Finally, A&B argues that the Commission's excessive delay in issuing its order affirming the ALJ's decision violated its due process rights. "Due process challenges are questions of law that we review applying a correction of error standard." *Utah Auto Auction v. Labor Comm'n,* 2008 UT App 293, ¶ 9, 191 P.3d 1252 (citation and internal quotation marks omitted).

¶21    A&B contends that its due process rights were violated because the Commission issued its written decision on A&B's Motion to Review twenty-seven months after A&B filed the motion. However, A&B merely describes when the order was issued in relationship to other events in the case, and then concludes that this was an "excessive delay" that caused A&B financial harm and "may have delayed" its ability to reexamine Driscoll's case in the future. *See* Utah Code Ann. § 34A-2-413(10) (LexisNexis 2011) (providing for an employer to periodically reexamine a permanent total disability claim). A&B does not undertake to explain how this delay was unreasonable and what steps it took to protect its due process rights, or direct this court to any legal authority upon which it could properly evaluate A&B's claim.[2] Our rules clearly state that a petitioner's brief must "contain the contentions and reasons of the [petitioner] with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). A&B has failed to develop its argument on this issue and thus has failed to

---

2. Notably, A&B does not explain how its claim is not foreclosed by *Olsen v. Labor Commission*, 2011 UT App 70, 249 P.3d 586, in which we addressed a claimant's argument that the Commission violated due process by not issuing a written decision for thirty-eight months. *See id.* ¶ 26. We observed that, while the Commission is required to issue a decision "'[w]ithin a reasonable time after the hearing,'" *id.* (alteration in original) (quoting Utah Code Ann. § 63G-4-208(1) (LexisNexis 2008)), a party that fails to bring the issue of delay to the Commission's attention cannot claim on judicial review that its due process rights were violated, *see id.*

carry its burden of demonstrating error. *See State v. Thomas*, 961 P.2d 299, 305 (Utah 1998).

## V. Conclusion

¶22   The ALJ and the Commission reasonably interpreted the ALJ's own order in not requiring Driscoll to reestablish his eligibility for total disability. The ALJ had previously determined that Driscoll was entitled to permanent total disability benefits, and the stipulated orders contemplated that Driscoll would file a request for permanent benefits upon the failure of the Return to Work Plan. A&B has not shown that the Commission misinterpreted or misapplied the governing statutes or regulations, nor has it shown that the Commission's determination that rehabilitation was not possible was unsupported by substantial evidence. Accordingly, we decline to disturb the Commission's decision.

---