**2014 UT App 257**

## THE UTAH COURT OF APPEALS

SEVIER CITIZENS FOR CLEAN AIR AND WATER, INC.,
Petitioner,
*v.*
DEPARTMENT OF ENVIRONMENTAL QUALITY AND
SEVIER POWER COMPANY,
Respondents.

Opinion
No. 20130547-CA
Filed October 30, 2014

Original Proceeding in this Court

Marcus Taylor, Attorney for Petitioner

Sean D. Reyes, Christian C. Stephens, and
Craig W. Anderson, Attorneys for Respondent
Department of Environmental Quality

Brian W. Burnett, James D. Gilson, and
Benjamin P. Harmon, Attorneys for Respondent
Sevier Power Company

JUDGE STEPHEN L. ROTH authored this Opinion, in which JUDGE
GREGORY K. ORME and SENIOR JUDGE JUDITH M. BILLINGS
concurred.[1]

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

ROTH, Judge:

¶1    The Utah Department of Environmental Quality (the Department) dismissed the request for agency action filed by Sevier Citizens for Clean Air and Water, Inc. (Sevier Citizens) on the basis that Sevier Citizens had failed to file a petition to intervene in the permit review adjudicative proceedings between the Department and Sevier Power Company (Sevier Power). On petition for judicial review, Sevier Citizens acknowledges that it did not file a separate intervention petition but argues that its request for agency action met the requirements for a petition to intervene. We decline to disturb the Department's decision.


BACKGROUND

¶2    In spring 2012, the Utah Division of Air Quality (the Division) issued a notice of intent to grant a permit for Sevier Power to operate a gas-fired power plant in Sevier County, Utah. Sevier Citizens was not a party to those proceedings. A mandatory public comment period followed, during which Sevier Citizens filed twenty-one pages of comments raising concerns about the effects of the plant's operations should the permit be granted. On October 25, 2012, the Division issued an order approving the permit, and on November 21, 2012, Sevier Citizens filed a request for agency action asking that the Department reconsider that decision. The request read,

> Under and pursuant to the provisions of U.C.A. § 19-1-301.5 and U.C.A. § 63G-4-201(3), Sevier Citizens for Clean Air and Water, Inc., hereby requests agency action to review the Approval Order . . . . This request is submitted over my signature as counsel for Sevier Citizens.

> The relief sought by Sevier Citizens is simple reversal of the approval order. The order should be withdrawn and abrogated in its entirety. The factual and legal points and arguments supporting this request were properly raised during the public comment period. They are repeated in this request in Exhibit A, attached hereto and incorporated herein.
>
> Sevier Power Company has been copied with this request and the attachment as indicated below.

Sevier Citizens attached, as Exhibit A to its request, the twenty-one pages of comments the organization had submitted during the comment period. Sevier Citizens did not file a separate petition to intervene in the permit review adjudicative proceedings, nor did its request for agency action include an explicit request to intervene in the agency proceedings.

¶3     The Department appointed an administrative law judge (the ALJ) to consider Sevier Citizens' request. The ALJ recommended dismissing the request on the basis that Sevier Citizens had not filed a petition to intervene in the litigation as required by Utah Code section 19-1-301.5. *See* Utah Code Ann. § 19-1-301.5(7) (LexisNexis 2013)[2] (explaining that to participate in a permit review adjudicative proceeding, a nonparty must file a request for agency action *and* a petition to intervene, and setting forth the process for doing so). Sevier Citizens objected to the recommended order, asserting that the request for agency action was, in substance, also a petition to intervene. After reviewing the recommended decision and the objection, the

---

2. Because section 19-1-301.5 has not been amended since it was adopted in May 2012, we cite the current version of the Utah Code for the reader's convenience.

Department adopted the ALJ's recommendation and dismissed the request for agency action. In its order, the Department found that Sevier Citizens had "failed to file a petition to intervene[ and had] failed to satisfy the substantive requirements for intervention."

### ISSUE AND STANDARD OF REVIEW

¶4     Sevier Citizens seeks judicial review of the Department's dismissal order on the basis that its request for agency action met the requirements for a petition to intervene. An appellate court may grant relief from a formal agency adjudicative proceeding only if the "person seeking judicial review has been substantially prejudiced." Utah Code Ann. § 63G-4-403(4) (LexisNexis 2011). A petitioner may be substantially prejudiced if the agency "erroneously interpret[s] or applie[s]" the applicable law. *Id.* § 63G-4-403(4)(d). The term "'erroneous[ly],'" however, "does not imply a standard of review"; it merely "indicat[es] that we may grant relief when an agency misinterpreted or misapplied the law." *Murray v. Labor Comm'n*, 2013 UT 38, ¶ 21, 308 P.3d 461.

¶5     The legislature has afforded the Department "substantial discretion to interpret its governing statutes and rules." Utah Code Ann. § 19-1-301.5(14)(c) (LexisNexis 2013). However, "this grant of authority does not turn an agency's application or interpretation of the law into the type of action that would warrant an 'abuse of discretion' standard." *Murray*, 2013 UT 38, ¶ 28. Rather, we "apply our traditional approach in selecting the appropriate standard of review," *id.* ¶ 23, based on whether the Department's decision "qualifies as a finding of fact, a conclusion of law, or a determination of a mixed question of law and fact," *id.* ¶ 24 (citation and internal quotation marks omitted).

¶6    The issue of whether Sevier Citizens' request for agency action contains the information required by statute for a petition to intervene presents a mixed question involving the application of law to fact. *See id.* Thus, we determine how much deference to afford the Department's decision by assessing whether the determination is more fact-like or law-like. *See id.* ¶¶ 35–40. We conclude that under the circumstances of this case, the Department's determination that the request for agency action did not meet the statutory requirements for a motion to intervene is more law-like because it involves statutory interpretation and application of that interpretation to undisputed facts—the actual contents of the submission rather than its objective truth. *See A & B Mech. Contractors v. Labor Comm'n*, 2013 UT App 230, ¶ 15, 311 P.3d 528 ("The interpretation of a statute is a question of law . . . ." (citation and internal quotation marks omitted)). We therefore review the Department's decision for correctness.

## ANALYSIS

¶7    Utah Code section 19-1-301.5 allows either a party or a person seeking to intervene to request that an agency review a decision to issue a permit. Utah Code Ann. § 19-1-301.5(6)(a). Subsection (7)(b) provides,

> A person who seeks to intervene in a permit review adjudicative proceeding . . . shall, within 30 days after the day on which the permit order being challenged was issued, file:
>
>> (i) a petition to intervene that:
>>
>>> (A) meets the requirements of Subsection 63G-4-207(1); and

(B) *demonstrates that the person is entitled to intervention under Subsection (7)(c)(ii);* and

(ii) a timely request for agency action.

*Id.* § 19-1-301.5(7)(b) (emphasis added). The referenced subsection (7)(c)(ii) requires the petitioner to show that it is entitled to intervene by:

(A) demonstrat[ing] that the petitioner's legal interests may be substantially affected by the permit review adjudicative proceeding;

(B) demonstrat[ing] that the interests of justice and the orderly and prompt conduct of the permit review adjudicative proceeding will not be materially impaired by allowing the intervention; and

(C) in the petitioner's request for agency action, rais[ing] issues or arguments that are preserved . . . .

*Id.* § 19-1-301.5(7)(c)(ii).[3] If the petition to intervene is timely filed and the petition to intervene and request for agency action

---

3. Section 19-1-301.5 also states that the petition to intervene must comply with section 63G-4-207(1) of the Utah Administrative Procedures Act. Utah Code Ann. § 19-1-301.5(7)(b)(i)(A) (LexisNexis 2013). Section 63G-4-207(1) requires that a petition to intervene contain (a) "the agency's file number," (b) "the name of the proceeding," (c) "a statement of facts demonstrating the petitioner's legal rights or interests are substantially affected by the formal adjudicative proceeding, or

(continued...)

otherwise comply with the requirements of section 19-1-301.5, "[a]n administrative law judge shall grant a petition to intervene in a permit review adjudicative proceeding." *Id.* § 19-1-301.5(7)(c).

¶8      Sevier Citizens asserts that its request for agency action in effect included a petition to intervene because it contained all of the substantive information required of both filings. The Department and Sevier Power concede that a request for agency action and petition to intervene may be combined into one pleading. They dispute, however, Sevier Citizens' contention that its request included the substantive components of a petition for intervention. In particular, they contend that the request for agency action neither "demonstrates that [Sevier Citizens'] legal interests may be substantially affected by the permit review adjudicative proceeding," *see id.* § 19-1-301.5(7)(c)(ii)(A), nor shows that "the interests of justice and the orderly and prompt conduct of the permit review adjudicative proceeding will not be materially impaired by allowing the

───────────────────────────

that the petitioner qualifies as an intervenor under any provision of law," and (d) "a statement of the relief" sought. *Id*. § 63G-4-207(1) (LexisNexis 2011). The only component of section 63G-4-207(1) that the Department and Sevier Power claim Sevier Citizens failed to satisfy is subsection (1)(c). Because the first clause of subsection (1)(c) is substantially similar to section 19-1-301.5's requirement that the petitioner "demonstrate[] that the petitioner's legal interests may be substantially affected by the permit review adjudicative proceeding," *id.* § 19-1-301.5(7)(c)(ii)(A) (LexisNexis 2013), we do not separately address Sevier Citizens' compliance with this provision of section 63G-4-207(1)(c). Moreover, Sevier Citizens has not demonstrated that it "qualifies as an intervenor under any [other] provision of law." *Id.* § 63G-4-207(1)(c) (LexisNexis 2011).

intervention," *id.* § 19-1-301.5(7)(c)(ii)(B). *Cf. Butler v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*, 2014 UT 41, ¶¶ 22, 31 (explaining that although a decision disposing of less than all the claims or parties is typically made final and appealable through two separate orders, "a district court may enter a single order that satisfies both rule 7(f)(2) and rule 54(b)" of the Utah Rules of Civil Procedure, provided the order "strictly and expressly compl[ies] with the requirements of both rules"). Sevier Citizens argues that it demonstrated that its "legal interests may be substantially affected by the permit review adjudicative proceeding," *see* Utah Code Ann. § 19-1-301.5(7)(c)(ii)(A), by attaching to its request for agency action the twenty-one pages of comments it submitted during the public comment period following the Division's notice of intent to grant Sevier Power's permit.

¶9    After reviewing the twenty-one pages of comments, we have located only one portion that makes any statements that might conceivably be characterized as "demonstrat[ing] that [Sevier Citizens'] legal interests may be substantially affected by the permit review adjudicative proceeding." *See id.* Interspersed within two-and-a-half pages of the twenty-one-page document are some statements by Dick Cumiskey, President of Sevier Citizens, in which he expresses concern that "increased pollution that may be injected into the airshed by the proposed power plant" will eliminate the "relatively pristine air" and "pristine vistas" that Sevier Valley citizens "still enjoy" and that make the county "a destination of people seeking clean air, clean water, and beautiful vistas." Cumiskey does not identify any of these citizens as members of his organization. And in only one sentence does he allude to a personal interest in the matter, when he explains that it was because of this pristine air that he "moved from San Diego" and that "a large percentage of . . . retirees" in the county had "moved here."

¶10    Whether Cumiskey's personal concern about the loss of pristine air is a legitimate legal interest that would entitle Sevier Citizens to intervene is not apparent, and Sevier Citizens neither addresses the issue nor references Cumiskey's comments in its briefing. The term "legal interests" is not defined in the statutes governing permit review adjudicative procedures or in Utah's Administrative Procedures Act generally. Although the Utah Supreme Court has stated that harm to a legal interest involves more than mere "[e]xpression[] of concern" and instead must amount to "a sufficiently particularized injury" to "livelihood, health, and property values," the court expressly declined to "determine whether . . . concerns about decreased visibility, considered alone, would qualify as a sufficient adverse impact" to give a non-party standing to intervene, *Utah Chapter of the Sierra Club v. Utah Air Quality Bd.*, 2006 UT 74, ¶¶ 26–27, 148 P.3d 960.

¶11    Again, Sevier Citizens makes no attempt to address the concept of "legal interests" as it might apply to airshed issues in light of the question raised by *Sierra Club*. And to the extent the remainder of the twenty-one pages of comments asserts that the power plant's operation may affect the kind of legal interests that have been recognized by our appellate courts as significant enough to allow intervention, the comments speak only in terms of the impact on the community at large, as opposed to specific members of Sevier Citizens. Indeed, they allude only generally to the need to evaluate—before the approval process reaches a point of "no going back"—the health impacts, as well as the effects on tourism and agriculture, of the operation of the Sevier Power plant without tying those effects to any particular potential harm to members of the Sevier Citizens organization. Therefore, the comments included in the attachment fail to identify a specific impact that the power plant's operation is likely to have on any member's recognized legal interests, such as a negative impact on livelihood or property values or diminution in a particular member's health or recreational

enjoyment. For example, Sevier Citizens alleges that "[t]here are already an above average number of residents with heart and breathing disorders and a large number of people on oxygen" and that Sevier Citizens imagines the problem "will only get worse" if the Sevier Power permit were to issue, without relating these conditions to any member of the group. There is no information in the attachment that indicates whether the residents with medical conditions likely to be aggravated by the operation of the Sevier Power plant are also members of Sevier Citizens. *Cf. id.* ¶ 26 (noting that the allegations of harm to "livelihood, health, and property values" must show a particularized impact on legal interests of the petitioner to warrant intervention in an administrative proceeding).

¶12    In addition, the twenty-one pages of comments do not "demonstrate[] that the interests of justice and the orderly and prompt conduct of the permit review adjudicative proceeding will not be materially impaired by allowing the intervention." *See* Utah Code Ann. § 19-1-301.5(7)(c)(ii)(B) (LexisNexis 2013). Indeed, the document does not address the impact of allowing intervention at all.

¶13    Finally, even if the comments contained enough substance to establish the criteria required for intervention, we do not believe that the Department erred in rejecting Sevier Citizens' request for agency action as a petition for intervention. The format in which a possible showing of entitlement to intervene is presented—tangential statements interspersed among twenty-one pages of general comments—unreasonably burdens the Department with the task of creatively reading the whole attached exhibit so as to pull together all the possibly pertinent snippets of commentary and then wringing out any inferences favorable to intervenor status.

¶14    While we are unwilling to conclude at this point that a petition for review of agency action must always directly

address the statutory requirements in order to show entitlement to intervention, we conclude that in this instance the Department did not err in determining that Sevier Citizens' request for agency action did not amount to a petition to intervene as defined by section 19-1-301.5.

## CONCLUSION

¶15     We decline to disturb the Department's decision that Sevier Citizens failed to file a petition to intervene in a permit review adjudicative proceeding between the Department and Sevier Power. Although Sevier Citizens could have filed a petition to intervene as part of its request for agency action, the request for agency action that it filed did not adequately demonstrate the criteria required to entitle the organization to intervene in the agency process.

————————