**2015 UT App 267**

## THE UTAH COURT OF APPEALS

RASHELL QUAST,
Petitioner,

*v.*

LABOR COMMISSION, UNIVERSITY OF UTAH HUNTSMAN CANCER
HOSPITAL, AND WORKERS COMPENSATION FUND,
Respondents.

Memorandum Decision
No. 20140559-CA
Filed November 12, 2015

Original Proceeding in this Court

Daniel F. Bertch and Kevin K. Robson, Attorneys for
Petitioner

Hans M. Scheffler, Attorney for Respondents
University of Utah Huntsman Cancer Hospital and
Workers Compensation Fund

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR. and KATE A.
TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1      Rashell Quast seeks judicial review of the Labor
Commission's denial of her claim for permanent total disability
compensation. We set aside the Commission's decision.

¶2      Quast was injured in 2007 while working at the
University of Utah Huntsman Cancer Hospital when she slipped
and fell on a wet floor. At the time of the accident, she had a
preexisting back injury and other medical conditions. The
accident permanently aggravated her preexisting back injury,
and she underwent spine surgery in 2008 and in 2010. Quast has
not worked since shortly after her 2008 surgery.

¶3     Quast filed a claim for permanent total disability (PTD) compensation related to her 2007 accident. After an evidentiary hearing, the administrative law judge (the ALJ) awarded Quast PTD compensation. On review, the Commission vacated that decision and ordered a new hearing to take additional medical evidence related to Quast's work restrictions. After the second hearing, the ALJ again awarded Quast PTD compensation. On review, the Commission again reversed the award of PTD compensation.

¶4     The Commission found that "Quast suffers from various conditions that affect her ability to function." The Commission also found that Quast's thoracic-spine impairment "limits [Quast] from lifting more than 20 pounds and from repetitive bending of the spine." The Commission nevertheless concluded that Quast had failed to show that her impairments limit her ability to do basic work activities. The Commission explained that Quast's preexisting conditions "do not reasonably limit her ability to do basic work activities" and that, in spite of the physical limitations from her thoracic-spine impairments, "she still has a reasonable degree of strength and flexibility." The Commission therefore denied Quast's claim for PTD compensation. Quast petitioned this court for judicial review of the Commission's decision.

¶5     Quast argues that the Commission erred in determining that she was not limited in performing basic work activities. We review the Commission's "ultimate finding," as to whether a claimant has a limited ability to perform basic work activities, deferentially, reversing only if the finding is not supported by substantial evidence. *Provo City v. Labor Comm'n*, 2015 UT 32, ¶¶ 12–13, 345 P.3d 1242. But whether the Commission applied the correct legal standard in making its determination is a question of law, and we review the legal standard applied by the Commission for correctness. *A & B Mech. Contractors v. Labor Comm'n*, 2013 UT App 230, ¶ 15, 311 P.3d 528.

¶6    Quast argues that the Commission's finding that she was not limited in her ability to perform basic work activities misinterprets the statutory language of Utah Code section 34A-2-413. To demonstrate a permanent total disability, a claimant must demonstrate, among other things, that she has "an impairment or combination of impairments that limit the [claimaint's] ability to do basic work activities." Utah Code Ann. § 34A-2-413(1)(c) (LexisNexis Supp. 2014). Quast argues that "limit" in this context means only "that the medical impairment places a limitation on work ability" and that her thoracic-spine injury "has placed a significant limit on her ability to do [basic work activities]"—i.e., bending and lifting.

¶7    To satisfy the limited-ability element of a PTD claim, the claimant "need not prove a complete inability to perform basic work activities, [but] only that the [claimant's] ability to perform these activities is limited." *Provo City*, 2015 UT 32, ¶ 28. Because "basic work activities" are those "'abilities and aptitudes necessary to do most jobs,'" the claimant's impairments "must limit [the claimaint's] ability to perform the work activities of a broad spectrum of jobs available." *Id.* (quoting 20 C.F.R. § 404.1521(b) (2008)). In *Provo City*, the Utah Supreme Court upheld the Commission's decision to award PTD compensation to a former facility service technician because the evidence presented to the Commission was sufficient to establish that the claimant's impairments "negatively affect[ed] his ability to perform" even in "more sedentary" and "less physically demanding jobs, such as office work." *Id.* ¶¶ 29–30. In other words, there was substantial evidence from which the Commission could find that the claimant's injury "limited his ability to perform basic work activities that would be required for most jobs." *Id.* ¶ 30.

¶8    Recently, this court decided *Oliver v. Labor Commission*, 2015 UT App 225, wherein we explained the scope of the inquiry required of the Commission in evaluating whether an impairment limits a claimant's ability to perform basic work activities:

> [T]he Workers' Compensation Act does not direct the Commission to determine whether the claimant has reasonable levels of functionality or a reasonable ability to perform basic work activities. Rather, it requires the Commission to consider whether a claimant's "ability to perform these activities is limited." Thus, *evaluating whether a claimant retains a reasonable degree of physical and mental functionality notwithstanding a disability has no place in this analysis* because the basic-work-activities analysis begins and ends with evaluating whether the claimant's disability "negatively affects" the ability to perform the basic work activities commonly required in employment.

*Id.* ¶ 11 (citations omitted) (emphasis added).

¶9 Our analysis in *Oliver* is dispositive here. The Commission found that "Quast suffers from various conditions that affect her ability to function" and that Quast's thoracic-spine impairment "limits [her] from lifting more than 20 pounds and from repetitive bending of the spine." Moreover, it found that Quast was limited to the "light physical demand category of jobs." In accordance with *Oliver*, the Commission should have focused only on whether these disabilities "negatively affect[] [Quast's] ability to perform the basic work activities commonly required in employment." *See id.* (citation and internal quotation marks omitted); *see also* 20 C.F.R. § 404.1521(b)(1) (2008) (giving as examples of basic work activities "[p]hysical functions such as . . . lifting, pushing, pulling, reaching, carrying or handling"). There is no qualitative restriction before a finding of "limited" can be made.

¶10 The Commission's conclusion that Quast's post-2007 disabilities did not "reasonably" limit her ability to perform basic work activities because she retained "good functional capacity" are inconsistent with the statutory language, our supreme court's guidance in *Provo City*, and our recent decision

in *Oliver.* Quast need only demonstrate that her ability to perform basic work activities is limited, not that such a limitation is "reasonable." *See Provo City*, 2015 UT 32, ¶ 28; *Oliver*, 2015 UT App 225, ¶ 11 (observing that the Commission's use of the qualifying term "reasonable" imposed a higher burden on the claimant than that dictated by statute and that the Commission therefore misconstrued the governing legal standard). The Commission's findings demonstrate that Quast's thoracic-spine injury limits her physical functions involving lifting items over twenty pounds and bending her spine. *See* 20 C.F.R. § 404.1521(b)(1). And the findings demonstrate that Quast's "work-related spine impairment impacts her ability to do at least some of the work she has done for her entire career" and that "her impaired lifting ability precludes [Quast] from returning to the work for which she was qualified at the time of the accident." Moreover, the Commission determined that while there may be some housekeeping work that Quast can perform despite her restrictions against repetitive bending of the spine, her employer failed to prove that there was other work reasonably available to Quast.

¶11    To prove her entitlement to permanent total disability compensation, Quast need only establish that her "ability to perform [basic work] activities is limited," not that her limitations are "reasonable" or "complete." Here, the evidence indicates that Quast cannot perform basic work activities without some limitation, thus satisfying the limited-ability requirement for PTD compensation under section 34A-2-413(1)(c)(ii) of the Utah Code. The Commission's contrary determinations as to whether Quast was limited in her ability to do basic work activities were based on an incorrect legal standard. We therefore set aside the Commission's ruling and allow the ALJ's order to stand.

―――――――――