*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 40**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

RASHELL QUAST,
*Respondent,*

*v.*

UTAH LABOR COMMISSION, UNIVERSITY OF UTAH
HUNTSMAN CANCER HOSPITAL, and
WORKERS COMPENSATION FUND,
*Petitioners.*

No. 20151041
Filed July 25, 2017

On Certiorari to the Utah Court of Appeals

Attorneys:

Hans M. Scheffler and Michael D. Karras, Sandy, for petitioners
Workers Compensation Fund and University of Utah
Huntsman Cancer Hospital

Jaceson R. Maughan, Salt Lake City, for petitioner
Utah Labor Commission

Daniel F. Bertch and Kevin K. Robson,
Salt Lake City, for respondent

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, JUSTICE DURHAM, and JUDGE PETTIT joined.

ASSOCIATE CHIEF JUSTICE LEE filed a dissenting opinion.

Having recused himself, JUSTICE PEARCE did not participate herein;
DISTRICT COURT JUDGE KARA PETTIT sat.

JUSTICE HIMONAS, opinion of the Court:

## INTRODUCTION

¶ 1     After a slip and fall at work, Rashell Quast petitioned the Utah Labor Commission for an award of permanent total disability compensation against her former employer, the University of Utah Huntsman Cancer Hospital (Huntsman). Reversing the order of an administrative law judge (ALJ), the Labor Commission concluded that Ms. Quast had failed to make out a permanent total disability claim.

¶ 2     Ms. Quast sought judicial review of the Labor Commission's order from the Utah Court of Appeals, which set aside the Labor Commission's order and allowed the ALJ's award of benefits to Ms. Quast to stand. *See Quast v. Labor Comm'n*, 2015 UT App 267, 362 P.3d 292.

¶ 3     We granted certiorari and now reverse. Based on our analysis in *Oliver v. Utah Labor Commission*—a case we decide contemporaneously with this one—we hold that the court of appeals misinterpreted the permanent total disability statute's requirement that employees must prove that they suffer from an impairment that limits their ability to do basic work activities. 2017 UT 39, __ P.3d __. Applying the correct interpretation, we find that substantial evidence supported the Labor Commission's determination, and we reverse the court of appeals. We also conclude that both the court of appeals and the Labor Commission misstated the burden of proof with respect to whether an employee seeking permanent total disability benefits can do other reasonably available work. UTAH CODE § 34A-2-413(1)(c)(iv).

## BACKGROUND

¶ 4     On May 16, 2007, Ms. Quast was working as a hospital housekeeper at Huntsman when she slipped and fell on a wet floor, permanently aggravating a preexisting thoracic spine injury. After two surgeries (in 2008 and 2010), Ms. Quast filed a claim for permanent total disability benefits.

¶ 5     The parties submitted conflicting medical evidence. Some evidence apparently suggested that Ms. Quast was totally disabled. By contrast, Huntsman's medical consultant opined that Ms. Quast's only medical restrictions were that she "should not lift more than 20 pounds and should avoid repetitive flexion or extension of her spine."

¶ 6     Ms. Quast also underwent two functional capacity evaluations, administered in 2010 and 2012. These reflected that she had "full functional range of motion throughout her entire spine" and that she "tolerated repetitive forward reaching." They also indicated

that Ms. Quast could lift up to twenty pounds and had the ability to do light work. The specialist who administered the 2012 evaluation noted that Ms. Quast was "not reliable in her efforts" and exhibited signs of symptom magnification.

¶ 7    At an evidentiary hearing on January 27, 2011, Ms. Quast testified that she was largely incapacitated as a result of her accident. She testified that she could not stand for long periods of time or bend down without suffering pain, that she could not lift a laundry basket or a gallon of milk, and that she could not easily stand up from a crouching position. Ms. Quast also testified that she suffered from disabilities that predated her accident, including dyslexia and urological problems. She lacks a high school degree and has a limited intellectual capacity.

¶ 8    For its part, Huntsman called a vocational rehabilitation expert and a job-development specialist employed by the Workers Compensation Fund. Based on Ms. Quast's educational limits and the work restrictions outlined by Huntsman's medical consultant, the vocational expert testified that Ms. Quast could do unskilled work that required light physical activity. He also testified that this work included certain kinds of housekeeping as well as unskilled assembly work. The job-development specialist then identified specific jobs in the area around Salt Lake City that fit the parameters the vocational expert had outlined. On cross-examination, the job-development specialist acknowledged that he had not personally verified with each employer that somebody with Ms. Quast's specific limitations would be able to do these jobs.

¶ 9    After the January 27 evidentiary hearing, an ALJ tentatively awarded Ms. Quast permanent total disability benefits, but the Labor Commission reversed this award and remanded the case for further fact-finding. After a second evidentiary hearing in this matter, at which no new witnesses were called, an ALJ again awarded Ms. Quast permanent total disability benefits.

¶ 10    The Labor Commission again reversed the ALJ's award. It concluded that Ms. Quast had failed to prove that she was limited in her ability to do basic work activities. The Labor Commission acknowledged that, at the time of her accident, Ms. Quast suffered from a variety of long-standing conditions: "a learning disorder, urological problems, migraines, and thoracic-spine problems." But because she had been able to work for many years with these preexisting conditions, the Labor Commission concluded that they did not

"reasonably limit her ability to do basic work activities." After reviewing the medical and vocational evidence that had been presented in the case, the Labor Commission found that Ms. Quast could do work in the "light physical demand category of jobs." It also found that Ms. Quast had failed to prove that she was limited in her ability to communicate, report for work, or remain at work throughout the day. It concluded that "[b]ased on the evidence presented, the Commission finds Ms. Quast has not shown that her impairments limit her ability to do basic work activities."

¶ 11    Although not necessary to its resolution of the case, the Labor Commission then turned to the question whether Ms. Quast had proved another element of a permanent total disability claim: that there was no other work reasonably available to her. UTAH CODE § 34A-2-413(1)(c)(iv). The Labor Commission noted that Huntsman had put on testimony that Ms. Quast was able to work as an unskilled housekeeper at a hotel or assisted living facility, but it held that Huntsman's witnesses had not provided enough information about the "bending requirements" of those jobs. On this basis, it concluded that Huntsman "did not meet its burden of showing that there is other work reasonably available to Ms. Quast."

¶ 12    Ultimately, the Labor Commission denied Ms. Quast's application for permanent total disability benefits on the ground that she had failed to show that she was limited in her ability to do basic work activities.

¶ 13    The court of appeals reversed the Labor Commission's order. It faulted the Labor Commission for concluding that, because her impairments did not "reasonably" limit her, Ms. Quast was not limited in her ability to perform basic work activities. *Quast v. Labor Comm'n*, 2015 UT App 267, ¶ 10, 362 P.3d 292. Instead, the court of appeals held that the Labor Commission's findings about the various ways in which Ms. Quast's injury had negatively affected her ability to work required the Labor Commission to conclude that Ms. Quast was limited in her ability to do basic work activities as a matter of law. *Id.* ¶¶ 9–10. The court of appeals also concluded that Huntsman had "failed to prove that there was other work reasonably available to [Ms.] Quast." *Id.* ¶ 10. It accordingly reversed the Labor Commission and reinstated the ALJ's order awarding Ms. Quast permanent total disability benefits.

¶ 14    We now reverse the court of appeals.

**STANDARDS OF REVIEW**

¶ 15   "On certiorari, we give the court of appeals' decision no deference and review its decision under a correctness standard." *Nichols v. Jacobsen Constr. Co.*, 2016 UT 19, ¶ 13, 374 P.3d 3. We also review interpretations of a statute for correctness. *See Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 11, 164 P.3d 384. And when the Labor Commission's factual determinations are properly before us on review, we review them under the substantial evidence standard of review, examining the whole record to determine whether "'a reasonable mind might accept as adequate the evidence supporting the decision.'" *Id.* ¶ 35 (citation omitted).

**ANALYSIS**

I. BASIC WORK ACTIVITIES

¶ 16   In another case we decide today, *Oliver v. Utah Labor Commission*, 2017 UT 39, __ P.3d __, we reverse the court of appeals' interpretation of the "basic work activities" provision of the permanent total disability statute, under which employees must prove that they suffer from "an impairment or combination of impairments that limits the employee's ability to do basic work activities." UTAH CODE § 34A-2-413(1)(c)(ii).[1]

¶ 17   The court of appeals' interpretation of the basic work activities provision in *Quast* draws heavily on its interpretation in *Oliver*. *See Quast v. Labor Comm'n*, 2015 UT App 267, ¶¶ 8–9, 362 P.3d 292. In *Quast*, as in *Oliver*, the court of appeals concluded that employees establish a limit on their basic work activities whenever they can show the existence of an impairment that to some extent "negatively affects" their ability to do typical workplace activities. *Id.* ¶ 8 (citation omitted). As the court of appeals put it, "[t]here is no qualitative restriction before a finding of 'limited' can be made." *Id.* ¶ 9. For the court of appeals, therefore, the Labor Commission's findings that Ms. Quast's "work-related spine impairment impacts her ability to do at least some of the work she has done for her entire career" and that "her impaired lifting ability precludes [Ms. Quast] from returning to

---

[1] We cite to an older version of the basic work activities provision because the legislature amended it last year. *See* 2016 Utah Laws 168; *see also Oliver v. Utah Labor Comm'n*, 2017 UT 39, ¶ 2 n.1, __ P.3d __.

the work for which she was qualified at the time of the accident" required the Labor Commission to find that she was limited in her ability to perform basic work activities as a matter of law. *Id.* ¶ 10.

¶ 18   For the same reasons we describe in *Oliver*, the court of appeals' interpretation here is inconsistent with the text of the basic work activities provision and our precedent. *See Oliver*, 2017 UT 39, ¶ 2. As the Labor Commission properly determined, a limitation that negatively affects a typical workplace activity, without also meaningfully impacting the employee's ability to do the core tasks that are critical to a broad spectrum of different jobs, is not a limit on *basic* work activities at all.[2]

¶ 19   We now turn to whether substantial evidence supports the Labor Commission's determination. When an appellate court reviews a trial court or administrative agency's decision under the substantial evidence standard of review, it examines the whole record to determine whether "'a reasonable mind might accept as adequate' the evidence supporting the decision." *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 35, 164 P.3d 384 (citation omitted). "To aid the appellate court in conducting a whole record review, the party challenging the factual findings must marshal all of the evidence and demonstrate that, despite the facts supporting the decision, the 'findings are not supported by substantial evidence.'" *Id.* ¶ 36 (citation omitted). While an appellate court is not required to assume that the record supports the findings of the fact-finder in the absence of marshaling, it may do so at its discretion. *Id.* ¶¶ 19–20.

¶ 20   Ms. Quast has not marshaled evidence to show that the Labor Commission's decision was in error. Additionally, there appears to be ample record support for the Labor Commission's determination that Ms. Quast failed to prove that she was limited in her ability to do basic work activities. Ms. Quast does not argue that the Labor Commission erred in its finding that the extent of Ms. Quast's medical restrictions were "no lifting more than 20 pounds and no repetitive bending of the spine." At the evidentiary hearings, Huntsman's vocational rehabilitation expert testified that even assuming a more restrictive set of medical restrictions than those the Labor Commission ultimately found, Ms. Quast could still perform jobs in the "light physical demand

---

[2] We discuss the dissent's concerns with our interpretation of the basic work activities provision in *Oliver*, 2017 UT 39, ¶¶ 31–49.

category." Another witness for Huntsman identified specific jobs in the Salt Lake City area for which Ms. Quast was qualified based on their class description.

¶ 21 Ms. Quast was the only witness who testified on her own behalf at the evidentiary hearings. She testified that she suffered from a range of serious deficits that prevented her from doing any sort of work; even Huntsman's vocational rehabilitation expert conceded that, accepting Ms. Quast's testimony as true, she would not be capable of doing jobs in the "light physical demand category."

¶ 22 When we review for substantial evidence, however, we do not reweigh the evidence. Rather, we look to whether a reasonable mind might accept the evidence supporting the decision as adequate. *Martinez*, 2007 UT 42, ¶ 35. Here, a reasonable mind could certainly have discounted Ms. Quast's testimony and instead accepted medical evidence and the testimony of Huntsman's vocational rehabilitation expert. Notably, the record contained evidence that Ms. Quast magnified her physical limitations, and the Labor Commission noted in its findings of fact that "Ms. Quast did not give a consistently credible effort during the [medical] evaluation and exhibited signs of symptom magnification." It is also notable that Ms. Quast did not present any employment or vocational rehabilitation expert testimony—even after the Labor Commission remanded the case to further explore Ms. Quast's "impairment" and "activity restrictions."

¶ 23 We conclude that the Labor Commission's determination that Ms. Quast failed to prove that she was limited in her ability to perform basic work activities is supported by substantial evidence.

## II. BURDEN OF PROOF

¶ 24 Although the Labor Commission ultimately denied her permanent total disability benefits, it found for Ms. Quast on the element of whether she could "perform other work reasonably available." UTAH CODE § 34A-2-413(1)(c)(iv).

¶ 25 The Labor Commission's decision on this element was based on its view that Ms. Quast's *employer* had failed to prove that Ms. Quast was able to do other work. That is, the Labor Commission appears to have based its determination on defects that it perceived in the testimony of experts proffered by Ms. Quast's employer. The court of appeals agreed with the Labor Commission's analysis, holding that Ms. Quast's "employer failed to prove that there was other work

reasonably available to [Ms.] Quast." *Quast v. Labor Comm'n*, 2015 UT App 267, ¶ 10, 362 P.3d 292.

¶ 26    It was error for the Labor Commission and the court of appeals to suggest that Ms. Quast's employer ever had the burden of proof on this—or any—element of a permanent total disability claim. As we have explained, the employee bears the burden of proof on all elements of a permanent total disability claim. *See Provo City v. Utah Labor Comm'n*, 2015 UT 32, ¶ 6, 345 P.3d 1242; *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 33, 164 P.3d 384. It was thus not the employer's burden to prove, through expert testimony or otherwise, that Ms. Quast was capable of performing other reasonably available work, and it was improper to find for Ms. Quast on this element based solely on gaps or other perceived defects in testimony offered by the employer.

¶ 27    We emphasize that we take no position on whether, based on the evidence before it, the Labor Commission could have reasonably concluded that Ms. Quast had met her burden of proving that no other work was reasonably available to her. Nor do we suggest that Ms. Quast's burden of proof required her to put on any more evidence than she did. Indeed, we have no doubt that evidence of the extent of an employee's impairment, when combined with the Labor Commission's good common sense and general understanding of the job market, will often be enough to satisfy the employee's burden of proof on this element. Our only holding here is that both the court of appeals and the Labor Commission misstated the burden of proof when they seemingly assigned it to the employer instead of Ms. Quast.

## CONCLUSION

¶ 28    Both the court of appeals and the Labor Commission misstated the burden of proof on the "other work reasonably available" element of a permanent total disability claim. The court of appeals also erred in reversing the Labor Commission's determination that Ms. Quast had failed to prove that she was limited in her ability to do basic work activities. Because this determination is fatal to Ms. Quast's claim, we reverse the court of appeals' decision and affirm the Labor Commission's order denying Ms. Quast's application for permanent total disability benefits.

ASSOCIATE CHIEF JUSTICE LEE, dissenting:

¶ 29    The majority reverses the court of appeals and affirms the decision of the labor commission denying Rashell Quast's application for permanent total disability benefits. It does so on the ground that Quast failed to show that she has an impairment that "limit[s]" her "basic work activities" under Utah Code section 34A-2-413(1)(c)(ii). In reaching that conclusion the court applies the standard set forth in *Oliver v. Utah Labor Commission*, 2017 UT 39, __ P.3d __.

¶ 30    I wrote separately in *Oliver* to express my disagreement with the court's construction of the "limit" clause of the standard for establishing a permanent total disability. As I indicated in *Oliver*, I read the Workers' Compensation Act to invoke a legal term of art from federal (social security) disability law. 2017 UT 39, ¶ 77 (Lee, A.C.J., concurring). That standard sets a low bar for proving a "limit" on "basic work activities." Instead of requiring proof of a "substantial" limit that "meaningfully impact[s] the employee's ability to do . . . core tasks," *supra* ¶ 18, the federal standard requires proof of just a "limit." 2017 UT 39, ¶ 77 (Lee, A.C.J., concurring). That is the standard applied by the court of appeals in this case. I would affirm the court of appeals on this point.

¶ 31    That determination requires me to address another element of the claimant's burden for establishing a permanent total disability — proof that the worker is unable to "perform other work reasonably available." UTAH CODE § 34A-2-413(1)(c)(iv). On this element, I agree that the court of appeals and labor commission erred in "suggest[ing] that Ms. Quast's employer . . . had the burden of proof on this — or any — element of a permanent total disability claim." *Supra* ¶ 26. As the majority indicates, "the employee bears the burden of proof on all elements of a permanent total disability claim." *Supra* ¶ 26. "It was thus not the employer's burden to prove, through expert testimony or otherwise, that Ms. Quast was capable of performing other reasonably available work, and it was improper to find for Ms. Quast on this element based solely on gaps or other perceived defects in testimony offered by the employer." *Supra* ¶ 26.

¶ 32    I would reverse on the basis of this error. And I would remand to allow the labor commission to decide in the first instance whether Ms. Quast carried her burden of proving that she was unable to "perform other work reasonably available."

———————